**FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Asociacion Colombiana De Exportadores De Flores, Association of Floral Importers of Florida, and CFX, Inc., Defendants–Intervenors.**

**Court No. 88–06–00398.**

United States Court of
International Trade.

Feb. 16, 1989.

Stewart & Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, M. Martha Ries, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Arnold & Porter, Patrick F.J. Macrory, Daniel C. Esty, Washington, D.C., for defendants-intervenors.

## OPINION

RESTANI, Judge:

Plaintiff, Floral Trade Council of Davis, California brings this action challenging the determination of the International Trade Administration of the Department of Commerce (ITA) not to commence an administrative review of certain importers and consignment brokers and their suppli-

ers or, in the alternative, of all Colombian producers and exporters of certain fresh cut flowers from Colombia. In its opinion of August 30, 1988, *Floral Trade Council of Davis, California v. United States*, 12 CIT ——, 692 F.Supp. 1387, the court remanded this action to ITA to determine whether or not it would accept plaintiff's request to investigate the suppliers or potential suppliers of the named importers, that is, all relevant producers and exporters. The court found that ITA had not acted reasonably in regard to this request when it was first made by plaintiff "because it did not react to it at all, it merely treated the request as one to investigate importers." *Id.* 692 F.Supp. at 1390. On September 29, 1988, ITA issued its remand determination stating that it was unable to identify the suppliers of the named importers and that it was declining petitioners request for review of all exporters because such request was not timely made. Plaintiff presently challenges this remand determination.

As set forth in the court's previous opinion, Floral Trade Council, in addition to requesting an administrative review of certain Colombian exporters and producers, asked ITA to investigate certain importers and to determine the identity of their suppliers. This request, which was made on March 31, 1988, was denied by ITA on April 12, 1988. The deadline for submitting requests for an administrative review in this case was March 31, 1988. *See* 53 Fed.Reg. 7383 (Mar. 8, 1988) (notice of opportunity to request administrative review). On April 18, 1988, plaintiff submitted a second letter to ITA regarding its request for review. In addition to repeating its original request to review importers and to identify their suppliers, plaintiff stated that if for some reason ITA would not investigate the importers and their suppliers, plaintiff wished a review of all suppliers. *See* Public Record Document Numbers 14, 17 & 18.

In its post-remand brief before this court, plaintiff makes much of its belief that its April 18, 1988 letter was simply a clarification of its timely request of March 31, 1988. Specifically, plaintiff argues that the court's previous opinion found that the April letter was indeed a clarification and "that petitioner had made a timely request that named all known producers and exporters." Plaintiff's Comments at 6. Plaintiff argues that the court's opinion "excluded the option of ITA determining on remand that the April 18 letter was not a clarification" but an untimely new request. *Id.* at 3.

■ While plaintiff correctly notes that the court did in its previous opinion refer to the April letter as a clarification of the March request, it errs in its belief that the court reached any conclusion as to whether ITA was required to accept the request as clarified. Implicit in plaintiff's argument is the assumption that if the April 18 letter was a clarification rather than a new request, plaintiff's request as clarified cannot be denied by ITA as untimely. The court rejects this assumption.[1] Whether or not the April request is characterized as a clarification of the previous request or as a new request is not determinative. The fact remains that the March request was ambiguous and did not specify the alternative of investigation of all suppliers that plaintiff now seeks. ITA is not required to accept clarifications of unclear, ambiguous or otherwise inadequate requests for administrative review after the deadline for submitting requests for administrative review has passed. Rather, ITA may decide, as it did here following remand, that the party requesting review should make all of its requests in an unambiguous manner, as well as within the time periods specified by ITA's regulations. *See* 19 C.F.R. § 353.53a (1988). ITA's strict approach is in harmony with the Congressional goal of expedient administration of the trade laws.

■ Having found that ITA did not abuse its discretion in refusing to accept

---

**1.** The court also disagrees with ITA's apparent assumption that it may simply reject the court's wording, as if that resolves the problem. On remand ITA must do as the court directs. In this case it did so, but ITA also disagreed with the court's phraseology in such an emphatic manner that it led plaintiff to believe that ITA was rejecting the court's direction.

the post-deadline clarification, the court must determine whether ITA acted properly in relation to the timely March request. More specifically, the court must determine whether ITA abused its discretion in pursuing what plaintiff now terms the "no-further-action option" in relation to that request. Plaintiff argues that although its March 31 request did not specify what course of action it would prefer in the event ITA were unable to investigate the suppliers of the importers and brokers, "logic and the purpose underlying the antidumping duty law would militate in favor of interpreting the March 31 letter as requesting the alternative of a review of all Colombian producers and exporters rather than the alternative of no further action." Plaintiff's Comments at 3. Plaintiff argues alternatively that ITA should have at least asked it whether it would prefer an unlimited review of all Colombian suppliers or no further action on its request once ITA determined it could not identify the suppliers of the named importers.

The court rejects plaintiff's suggested approach which would compel ITA to assume a party's alternative preferences when a request made by that party was not granted or was somehow deficient. Such an approach would likely open the door to undesirable agency speculation. Moreover, ITA bears no general burden to anticipate alternative requests when the primary request submitted to the agency is not granted. Rather, ITA may place a burden on the party making the request to submit a clear, understandable and comprehensive request within the deadline set by regulation. Nothing in this case prevented plaintiff from including its alternative request for a review of all suppliers in its timely request of March 31, and ITA is not obligated to contact a party in order to decipher its wishes.[2]

The court also does not find that either "logic" or "the purpose of the antidumping

laws" necessarily should have led ITA to the conclusion that plaintiff desired a review of all suppliers. To begin with, such an extensive review would take longer to complete. All requestors may not find delay acceptable. Furthermore, while a review of all suppliers might capture the suppliers of the named importers, such an expanded investigation might also result in lower rates for producers and exporters who were not previously reviewed individually. As plaintiff represents domestic interests, presumably this would not be a result which it would seek. Such a review might also result in ITA's use of sampling or averaging. See 19 U.S.C. § 1677f-1 (Supp. IV 1986). Such techniques also could lead to lower rates. In any event, ITA reasonably could decide, as it did, that assessing the benefits and drawbacks of such an alternative request is the task of the party making the request and not of ITA.

Accordingly, the court finds that ITA has now properly considered plaintiff's requests for administrative review, including the post-deadline clarification or alternative request, and that ITA's decision not to commence an administrative review of certain importers and consignment brokers and their suppliers or, in the alternative, of all producers and exporters of certain fresh cut flowers from Colombia is reasonable and otherwise in accordance with law.

## JUDGMENT

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

IT IS HEREBY ORDERED: that this action is hereby dismissed.

---

**2.** The court also finds no basis for plaintiff's implied claim that ITA was obligated to conduct some sort of ancillary investigation to determine the identity of the actual suppliers of the named importers. It does not seem to be in dispute that ITA was never in possession of information which would have allowed it to identify the suppliers of the named importers. ITA is not required to conduct an investigation to determine who should be investigated in an administrative review proceeding.