724 F. Supp. 969

ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, ET. AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS AND FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, DEFENDANT-INTERVENOR

Consolidated Court No. 87–04–00622

(Dated October 19, 1989)

*Arnold & Porter (Patrick F.J. Macrory, Spencer S. Griffith* and *Gwyn F. Murray)* for Asociacion Colombiana de Exportadores de Flores, et. al.

*Heron, Burchette, Ruckert & Rothwell (Thomas A. Rothwell, Jr.* and *James M. Lyons)* for Floramerica.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch *(Jeanne E. Davidson)* Civil Division, United States Department of Justice; *Anne W. White,* Office of the Chief Counsel for Import Administration, United States Department of Commerce for defendant.

*Stewart & Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.,* and *Jimmie V. Reyna)* for Floral Trade Council of Davis, California.

### OPINION

RESTANI, *Judge:* Plaintiffs seek an injunction pursuant to 19 U.S.C. § 1516a(c)(e) (1982) preventing liquidation according to the agency's original determination and, thus, liquidation in accordance with the court's decision of all entries which might have been, but

were not, covered by the International Trade Administration's (ITA's) first annual administrative review. The court has granted such injunctive relief in certain cases, notably *Oki Elec. Indus. Co. v. United States,* 11 CIT 624, 669 F. Supp. 480 (1987); *Ipsco, Inc. v. United States,* 11 CIT 624, 692 F. Supp. 1368 (1987); and *Sonco Steel Tube Div. v. United States,* 12 CIT 990, 698 F. Supp. 927 (1988). On the other hand, such injunctive relief has been denied in similar situations. *See eg. Cambridge Lee Industries, Inc. v. United States,* Slip Op. 89–145 (Oct. 18, 1989); *NTN Bearing Corp. v. United States,* 12 CIT 1117, 701 F. Supp. 226 (1988); *appeal dismissed as moot,* No. 89–1121 (Fed. Cir. May 10, 1989); *Fundicao Tupy S.A. v. United States,* 11 CIT 561, 669 F. Supp. 437 (1987), *appeal dismissed as moot,* 841 F.2d 1101 (Fed. Cir. 1988).[1]

The court will not attempt to harmonize these cases today as they appear to represent a conflict over the meaning of several interlocking provisions of a comprehensive statutory scheme which the court is charged to interpret. On the other hand, more sophisticated arguments are being presented to the court while others are being abandoned with regard to the various statutes involved, so that some degree of harmony may eventually arise.[2] As far as the court can determine there is a degree of harmony in the court's opinions in that none have treated the issue directly as one involving jurisdiction. Nonetheless, defendant continues to treat this as a jurisdictional issue. The court adheres to its previously expressed views. The court has jurisdiction over the parties and the subject matter. The statute by its plain language allows the court to issue injunctions in cases involving, *inter alia,* reviews of final affirmative determinations. 19 U.S.C. § 1516a(a)(2)(B)(i) and § 1516a(c)(2) (1982 & Supp. V 1987).

The case of *British Steel Corp. v. United States,* 10 CIT 661, 647 F. Supp. 928 (1986), *appeal dismissed as moot,* No. 87–1050 (Fed. Cir. Apr. 1, 1987), cited by defendants is distinguishable and adds nothing to defendants' arguments on jurisdiction. The court's comments regarding the scope of the original determination before the court in that case were made in the context of an added challenge to a refusal of ITA to commence an administrative review. To the extent that that case involved denial of an injunction to effectuate the court's decision, the case did not appear to turn on jurisdiction. Furthermore, the lack of discussion of the meaning of the crucial statute, 19 U.S.C. § 1516a(c), makes the case of little instructive value with regard to this action.

Defendants appear to argue that in *Ipsco* the court misconstrued legislative history. *See* 692 F. Supp. at 1372. Defendants make too much of the language in *Ipsco* indicating that it is possible in some

---

[1]Defendant-intervenor is incorrect in likening this matter to *Fabricas El Carmen, S.A., De C.V. v. United States,* 12 CIT 129, 680 F. Supp. 1577 (1988) and *Agrexco Agricultural Export Co., Ltd. et al. v. United States,* Slip Op. 88–052 (May 4, 1988) as the motions at issue in those cases involved attempts to direct actions in ongoing administrative reviews not before the court.

[2]There is no indication, however, that the certainty needed by litigants will be achieved without an appellate court decision on this issue. *See Cambridge Lee, supra,* at 5.

cases for parties to forego annual administrative reviews entirely and to limit their challenge to ITA action to judicial review of final original orders. This is a possibility, but it does not alter the fact that the court cannot review administrative action until there is such action. In this case the agency acted. It issued a reviewable final administrative decision which was judicially reviewed and found wanting in part. *See Asociacion Colombiana de Exportadores de Flores* v. *United States, et al.,* 13 CIT 13, 704 F. Supp. 1114 (1989), and 13 CIT 584, 717 F. Supp. 848 (1989), *appeal pending* No. 89–1742 (Fed. Cir. Sept. 27, 1989). The issue now before the court is what effect to give the court's determination. The court has jurisdiction to decide that issue.[3]

The statute provides only one clear avenue for obtaining liquidation of past entries in accordance with the court's determination. That avenue is through injunction of liquidation under 19 U.S.C. § 1516a(c). In this case injunction of liquidation has been obtained at the behest of the domestic industry. Unlike the plaintiff in *British Steel,* Floral Trade Council (FTC), which represents various U.S. flower growers, filed a new action challenging ITA's refusal to institute a review of its order as to the entries of certain exporters and producers for the first annual period. This court upheld ITA's determination to conduct a limited review and that case is now on appeal. *Floral Trade Counsel of Davis, Calif.* v. *United States,* 13 CIT 142, 707 F. Supp. 1343 (1989), *appeal pending,* No. 89–1425 (Fed. Cir. Apr. 26, 1989). The injunction issued in that case pending appeal, however, is not an injunction under 19 U.S.C. § 1516a(c) that will compel liquidation of the entries subject to injunction in accordance with the court's decision. Hence it is not premature to consider plaintiffs' request. [4]

In terms of the standard four-part test for injunctive relief, some requirements are clearly met while others present debatable issues. *See Matsushita Elect. Indus. Co.* v. *United States,* 823 F.2d 505, 509 (Fed. Cir. 1987) (In order for a preliminary injunction to issue plaintiff must show (1) likelihood of success on the merits; (2) the balance of hardship is in favor of plaintiff; (3) the public interest will be served by the relief requested; and (4) immediate and irreparable injury.); *S.J. Stile Assoc.* v. *United States,* 68 CCPA 27, 30, 646 F.2d 522, 525 (1981); *American Air Parcel Forwarding Co.* v. *United States,* 1 CIT 293, 297, 515 F. Supp. 47, 52 (1981).

---

[3]Although the substance of the action has been disposed of through a final judgment, the court reserved jurisdiction over the issue now before the court. *See* Judgment entered herein August 7, 1989.

[4]*Defendants indicate that success by FTC in obtaining an administrative review will moot the instant motion* because liquidation would then be in accordance with the rates established by the administrative review. That is true as far as the entries which are the subject of appeal are concerned. It is very unclear to the court as to whether all non-reviewed entries are at issue in the appellate case. In any case, until reversal occurs this motion is not moot but, rather, presents a live controversy. Many disputes may be mooted by future events. Such a fact does not compel the court to cease consideration of claims. The court chooses to proceed now to avoid being faced with emergency motions if the court's decision is upheld on appeal and the stay pending appeal is dissolved.

This appears to be a case in which success on the merits, in terms of plaintiffs' challenge to the original determination, is not an issue. The court has issued a final judgment sustaining an ITA remand determination reflecting lower duty rates than originally ordered. Although plaintiffs did not upset the entire antidumping order, their litigation did succeed in part and they wish effectuation of the results of the litigation to a greater degree than merely future alteration of deposit rates, which may never occur. [5]

The balance of hardships tips toward plaintiffs. An injunction at this point would cause no disturbance of the *status quo* in terms of derailing ongoing administrative processes. No entries are being liquidated. Disruption of ongoing agency operations was of concern to the court in *Algoma Steel Corp.* v. *United States,* 12 CIT 802, 696 F. Supp. 656 (1988) (partial stay pending appeal of ITC determination). Liquidation in accordance with the court's determination will only cause payment of such duties as the court has found to be lawful. This hardly can be labeled a burden on defendants. FTC may bemoan its inability to obtain a full administrative review for the first annual period because of this court's *Floral Trade* decision cited previously, but no legally cognizable hardship is involved. Whether FTC might have obtained a better result had it requested a full review in time is simple speculation. Furthermore, any such speculative harm should not be weighed against plaintiffs as FTC's failure to obtain the review it desired is not attributable to plaintiffs' behavior but, rather, to FTC's own actions. *See Floral Trade,* 707 F. Supp. 1343.[6] Plaintiffs, as indicated, want to avoid payment of millions of dollars in duties which the court has determined are not owing. The balance tips in favor of plaintiffs on this point.

The public interest is a bit difficult to analyze here, except that a result which aids the goals of the statute may be said to be in the public interest. The court is not convinced that it should abandon the *Oki-Ipsco-Sonco, supra,* lines of cases which hold that the fullest appropriate effectuation of judicially determined results and avoidance of baseless requests for administrative review is the result preferred by the statutory scheme.

The court is concerned, however, that injunction may not be appropriate in this case because of plaintiffs' change in position, which is relevant to the irreparable harm factor. While the court believes plaintiffs cannot simply change positions on whether injunctive relief should be granted depending on how they see the judicial winds blowing, they do have an independent reason for their change of position here. At first plaintiffs sought immediate liquidation in order to regularize their accounts. Upon FTC's successful

---

[5]The court sees some potential for the type of mootness or lack of effective judicial review discussed in *Zenith Radio Corp.* v. *United States,* 710 F.2d 806, 810 (Fed. Cir. 1983). *See also Ipsco,* 692 F. Supp. at 1374–75.

[6]It is grasping at straws for FTC now to argue that it should be able to renew its request for administrative review if this injunction is granted. The range of possible outcomes were apparent when FTC had the opportunity to request a first administrative review.

motion for injunction of liquidation plaintiffs could not promptly normalize their financial arrangements and reports, *e.g.,* by releasing contingent liability funds, and they now seek the effectuation of the court's opinion. This, in and of itself, does not bar plaintiffs' latest request. It does, however, make a point raised by defendants. Perhaps plaintiffs can change positions so easily because they would not be irreparably harmed by any failure to order liquidation in accordance with the ITA determination approved by the final decison of the court.

The court believes that it is appropriate to apply a sliding scale to this analysis. *See National Customs Brokers and Forwarders Assn. of America* v. *United States,* Slip Op. 89–140 at 13 (CIT, October 10, 1989); *Algoma Steel Corp., Ltd.* v. *United States,* 12 CIT 802, 696 F. Supp. 656, 658 n.2 (1988); *The Timken Co.* v. *United States,* 11 CIT 506–07, 666 F. Supp. 1558, 1559–60 (1987) ("In a flexible balancing approach, the showing of ultimate success is inversely proportional to the severity of the injury.") Perhaps at the outset a showing of irreparable harm sufficient to order injunctive relief could not have been made, but plaintiffs have now won the day, at least in some significant part. Furthermore, injunction of liquidation exists; continuing the injunction to effectuate the court's decision disrupts no ongoing administrative operations. It does, however, avoid needless adherence to errors and irrecoverable loss to plaintiffs. Thus, the court sees at least three factors for injunctive relief strongly in plaintiffs' favor, and one factor at least arguably in their favor.

As discussed in the *Oki-Ipsco-Sonco* line of cases, Congress never envisioned the situations existing in those cases, let alone this peculiar set of circumstances. In this unusual situation the court finds ITA's view of the law unreasonable in its application. Even ITA admits certain errors in its original determination. The court sees no reason to perpetuate such errors where all administrative action has already been halted.

The scope of the injunction, however, is also of concern to defendants. Related thereto is defendant-intervenor Floral Trade Council's claim that plaintiff Asociacion Colombiana de Exportadores de Flores (Asocolflores) has no statutory standing to seek injunctive relief.[7]

Standing to bring suit is controlled by 19 U.S.C. § 1516a(a)(2)(A) (1982), which provides in relevant part that "an interested party who is a party to the proceeding in connection with which the matter arises" may bring suit to challenge the agency determination. Interested party under 19 U.S.C. § 1677(9)(A) (1982) includes "a foreign manufacturer, producer, or exporter, * * * of merchandise which is the subject of an investigation." Because the statute does not mention producer/exporter trade associations, while it does mention importer trade associations, it has been held that a produc-

---

[7]Although a challenge to standing may be made at anytime, the timing here causes the court to be somewhat skeptical. Defendant, United States, does not raise the standing issue.

er/exporter trade association must be composed entirely of members producing or exporting the relevant merchandise in order to have standing. *See RSI (India) Pvt., Ltd.* v. *United States,* 12 CIT 84, 678 F. Supp. 304, 306–07 (1988); *American Grape Growers* v. *United States,* 9 CIT 103, 105–06, 604 F. Supp. 1245, 1249 (1985).[8]

Floral Trade Council alleges that a few of Asocolflores' members export only roses, which is an uninvestigated product. *See* Public Record Doc. 28.[9] The court is not entirely sure what is signified by Doc. 28. Furthermore, if this were a problem and the matter had been timely raised, could not Asocolflores have reorganized its membership or the composition of the plaintiff group to meet the statute? The court declines to rule at this point, based on less than full briefing and on one isolated document, that Asocolflores should be dismissed as a plaintiff herein because of lack of standing, particularly because it appears unnecessary to resolve this issue to decide the pending motion. Furthermore, the suit as a whole is not in jeopardy because individual exporters and importers and an association of importers have also joined as plaintiffs. Their standing does not appear in dispute.

It appears to the court that any affected importing interest may seek injunctive relief if it will suffer the direct financial harm sought to be prevented by the relief sought. It is the importers who pay the duties assessed. The litigation in this case involved the rates of several individual growers or exporters, as well as the "all other rate." It seems beyond belief that the importing interests represented here are all unaffected by the rate changes at issue, particularly because the "all other rate" is involved. In fact, Floral Trade does not allege that this is the case.

After consulting with the parties, it has become apparent that any injunctive relief should be drawn in terms of the exporters or producers of concern to the plaintiff importing interests. ITA's investigations are geared to producers and exporters, not to importers. Customs' administrative handling of Commerce's orders also seems to operate in this fashion. Accordingly, the injunction issued here will apply to those producers or exporters (and entries related thereto) which could have been, but were not, the subject of the first annual review; which have been found to have rates different from those specified in the pre-remand final determination; and whose goods subject to the antidumping order were exported during the relevant period to any of the importers represented here or to any

---

[8]In demonstrating standing on other than a statutory basis, an association may rely on the harm done to some of its members by the challenged act. The harm need not extend to every member. *National Customs Brokers and Forwarders Assn. of America* v. *United States,* 13 CIT 803, Slip Op. 89–140 at 10–11 (October 10, 1989). *See also Hunt* v. *Washington State Apple Advertising Comm'n,* 432 U.S. 333, 342–44 (1977); *Warth* v. *Seldin,* 422 U.S. 490, 511 (1975).

[9]It seems irrelevant to this discussion that some of Asocolflores' members produce investigated flowers which were not the subject of the final dumping order. No matter the outcome, such flowers were investigated in the administrative proceedings. This is the thrust of the relevant statutes.

of the members of the importer trade association represented here.[10]

Plaintiffs shall provide defendant with a list of such exporters/producers accompanied by an affidavit of counsel that such list has been compiled in accordance with the court's direction. Entries from such listed exporters and producers for the period November 3, 1986 through February 29, 1988 shall not be liquidated in accordance with the pre-remand determination reviewed here, but shall be liquidated as provided in 19 U.S.C. § 1516a(e). This injunction is effective only upon the latter of 10 days after (1) receipt of the list by ITA and (2) affirmance of the judgment in the related litigation as to scope of the first annual review and dissolution of the injunction pending appeal issued therein.

---

[10]There has been insufficient demonstration that purely exporting interests, as plaintiffs herein, are entitled to have injunctive relief drawn without reference to the injured party importing interests. The relationship of the exporters/producers to the harm which would be suffered has not been demonstrated sufficiently.