**FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**and**

**Asociacion Colombiana De Exportadores De Flores, Association of Floral Importers of Florida, and CFX, Inc., Defendant–Intervenors.**

**Court No. 88–06–00398.**

United States Court of International Trade.

Aug. 30, 1988.

Stewart & Stewart, Charles A. St. Charles, James R. Cannon, Jr. (Eugene L. Stewart, Terence P. Stewart), Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (M. Martha Reis), Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Arnold & Porter (Patrick F.J. Macrory, Daniel C. Esty), Washington, D.C., for defendant-intervenors.

## OPINION

RESTANI, Judge:

This matter is before the court on plaintiff's rule 56.1 motion for judgment upon the agency record. Floral Trade Council challenges the determination of the International Trade Administration of the Department of Commerce (ITA) not to commence an administrative review of 24 named importers and consignment brokers or, in the alternative, of all Colombian producers and exporters of certain fresh cut flowers from Columbia. Because of requests for annual reviews by certain importers or producers and because of requests by this plaintiff, regarding certain producers, imports of 35 Colombian producers or exporters will be reviewed. Under ITA procedures approximately 200 other producers or exporters are to be assessed

antidumping duties based upon the original order, unless they were excluded from its coverage. *See* 19 C.F.R. § 353.53a(d) (1987).

The question the parties have put before the court is whether Commerce has acted in a manner consistent with 19 U.S.C. § 1675(a) (1982 & Supp. IV 1986), section 751 of the Trade Agreement Act of 1930, as amended, which provides for annual reviews of the antidumping orders upon request, in promulgating its regulations implementing this statute and in applying those regulations. 19 C.F.R. § 353.53a(a)(1) requires a domestic party to specify the manufacturers, producers and exporters it wishes investigated pursuant to the annual review and to state the reasons therefore.[1] In this case, plaintiff Floral Trade Council did request an annual review of certain exporters and producers; it alleged, however, that certain low cost sales were being made by some importers and it asked ITA to investigate the importers and to determine the identity of the suppliers of those importers. Thus, it did not specify by name all of the producers or exporters which it wished investigated, in order that any below fair value sales being made to particular importers would be counteracted. Subsequent to the denial of its request, Floral Trade Council asked for reconsideration and indicated that if Commerce could not determine the source of the less than fair value imports by investigating the 24 importers that concerned Floral Trade Council, then it should investigate all nonexcluded Colombian flower growers.

Intervenor argues that the request for 751 review made by Floral Trade Council did not specifically ask for a review of all producers or exporters, and that it could not cure deficiencies in its request with its later clarifying letter. This was not the view expressed by defendant. It was silent on this point. ITA itself never addressed directly what kind of clarifications are acceptable. ITA has never stated that it will not accept any clarifications of requests which may be interpreted in more than one way nor has its counsel made such a statement. Furthermore, ITA has not stated that exporters and producers cannot be specified other than by name.[2]

Defendant's counsel argues that plaintiff failed to demonstrate it had acted with due diligence to obtain the suppliers' names. ITA did not say that it had come to that conclusion nor does its regulation give any hint that due diligence is the standard for acceptance of a request such as plaintiff's. Furthermore, defendant states it cannot identify the suppliers and it argues that supplier information in customs documentation is confidential and not available either for ITA's or plaintiff's use in these cases. Thus, it seems lack of due diligence is not the real issue here.

The first true issue is whether plaintiff may simply name importers. The answer is "no." The regulation requires specification of exporters or producers. Producers and exporters are the focus of ITA unfair trade cases. It is reasonable for ITA to require by regulation that a domestic party name the producers or exporters it wishes reviewed in an antidumping case so that the rates applicable to such producers or exporters may be redetermined. ITA has rarely utilized importer specific rates and the examples given of such rates bear no factual similarity to this case. Thus, ITA is not required to investigate importers and provide importer specific rates. Furthermore, naming of importers who are agents or consignment brokers is not the naming of exporters. The broad definition of exporter contained in 19 U.S. C. § 1677(13) (1982) applies to the calculation of United States price. ITA acts reasonably in not applying this definition to the regulation at issue.

The next issue is whether ITA acted reasonably in response to plaintiff's request to identify the suppliers of the im-

---

1. Importers may ask for reviews of their suppliers, and producers and exporters may request a review of themselves, both without stating reasons. 19 C.F.R. § 353.53a(a)(2) and (3).

2. There does not seem to be any significant difference between listing 200 names known to ITA and saying "all."

porters. This is obviously a request to investigate such unnamed suppliers. The court finds that ITA did not act reasonably in regard to such a request because it did not react to it at all, it merely treated the request as one to investigate importers.

It is true that plaintiff's request is susceptible of two interpretations. One is that if ITA cannot identify the suppliers no further action is requested. The other is that if ITA cannot identify the suppliers all possible sources of supply are to be investigated. Plaintiff clarified that it was requesting the latter and ITA did not act on the request as clarified by rejecting it for inadequate reasons or for some other deficiency.[3]

At oral argument regarding this matter, counsel for ITA represented that she did not know what decision the agency would make if the request were actually one, in the alternative, for review of all the exporters and producers. The court deems it premature to decide whether the agency has discretion to decline a request to review all producers and exporters prior to the agency acting on such a request.

 Because defendant in its arguments to the court emphasized the practicalities of conducting a full review, the court asked for further history regarding large investigations to determine if in making the full request plaintiff was asking the impossible. Fulfilling a request of the type that plaintiff has made, might present . great burdens if approached on a producer-by-producer basis, but the court is not convinced ITA has not coped with such difficulties before or that it may not use sampling in some cases. Prior to the amendment eliminating mandatory 751 reviews, every non-excluded producer would have been subject to review, no matter the number involved. Furthermore, there is no indication in the legislative history of the amendment that Congress meant to deny a party the right to request a review because the review involves a large number of producers. *See* H.R.Rep. No. 725, 98th Cong., 2d Sess. 22–23 (1984) and H.R.Rep. No. 1156, 98th Cong., 2d Sess. 181, *reprinted in* 1984 U.S.Code Cong. & Admin.News 4910, 5220, 5298. It would seem to be plaintiff's option under the statute to request a review of merely a few producers or exporters or of all of them. What kinds of reasons it must provide or whether it need provide any is yet to be decided.

Accordingly, this matter is remanded to ITA to determine whether or not it will accept plaintiff's request to investigate all potential suppliers of the named importers, that is, all relevant producers and exporters. ITA shall make its determination within thirty days.

---

**3.** Counsel had made it clear that lack of adequate reasons is not the rationale for rejection of plaintiff's request. Intervenor argued to ITA that plaintiff had provided *no* reason for its broader request, but the reason is evident—inability to identify the producers and exporters of concern to it.