**ASOCIACION COLOMBIANA de EXPORTADORES de FLORES (ASOCOFLORES), et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**Floral Trade Council of Davis, California, Defendant–Intervenor.**

Court No. 89–05–00292.

United States Court of International Trade.

Aug. 23, 1989.

Arnold & Porter, Patrick F.J. Macrory, Spencer Griffith and Gwyn F. Murray, Washington, D.C., for plaintiffs.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Jeanne E. Davidson), Civ. Div., U.S. Dept. of Justice and Anne White, Atty.–Advisor, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., for defendant.

Stewart & Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., for defendant-intervenor.

## OPINION

RESTANI, Judge:

After reviewing plaintiffs' brief on the merits the court adopts the discussion in part two of its opinion herein of July 19, 1989, 717 F.Supp. 847, denying preliminary injunctive relief. This court remains of the view that the International Trade Administration (ITA) did not violate its regulation, 19 C.F.R. § 353.53a(a) (1988), by agreeing to conduct an administrative review of its unfair trade order, with respect to 203 exporters or growers of cut flowers from Colombia.

ITA has admitted it cannot identify which exporters are supplying the importers of greatest concern to the domestic industry. In the case of an industry composed of numerous small exporters and growers Floral Trade Council's (FTC) and ITA's inability to focus on specific exporters or growers is understandable.[1] Plaintiffs' assertion that the sales of small exporters, individually, have no appreciable impact on a commodity market is irrelevant. ITA acted reasonably in deciding that a broad review of an industry composed of numerous small exporters is appropriate where the lines to importers whose sales allegedly harm FTC are not clear.

A broad review presents a very unpredictable situation. The domestic industry, if given its choice, would like a review narrow enough to address its main concerns, without risking a possibly wide-ranging negative result. Past litigation regarding the extent of administrative review of the unfair trade orders covering cut flowers has indicated that the domestic industry cannot obtain the particular type of narrow review it first requested. *See Floral Trade Council of Davis, Calif. v. United States*, 12 CIT ——, 692 F.Supp. 1387 (1988). Thus, the domestic industry has decided to make a broader request and to accept a certain risk. This is its choice to make.

That this review has not been narrowed because of its factual context, does not mean that the regulation at issue is not designed to narrow review where possible or that the regulation has been violated. FTC's request satisfies the letter of the regulation and ITA has not acted unreasonably in deciding in this situation that the spirit of the regulation is met as well.

ITA's determination is affirmed.

---

1. Plaintiffs offer no evidence that the importers of concern are willing to identify their sources.