888 F.2d 1366
 11 ITRD 1785
 FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee,
and
Asociacion Colombiana De Exportadores De Flores, Association
of Floral Importers of Florida, and CFX, Inc.,
Defendants-Appellees.
 No. 89-1425.
 United States Court of Appeals,
Federal Circuit.
 Nov. 1, 1989.
 
 Terence P. Stewart, Stewart & Stewart, Washington, D.C., argued, for plaintiff-appellant. With him on the brief, were Eugene L. Stewart, James R. Cannon, Jr. and Charles A. St. Charles.
 M. Martha Ries, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. Patrick F.J. Macrory, of Arnold & Porter, Washington, D.C., argued for defendant-appellee. With him on the brief, were Spencer S. Griffith and Gwyn F. Murray.
 Before FRIEDMAN, RICH, and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Floral Trade Council of Davis, California (Floral Trade Council) appeals the decision of the United States Court of International Trade upholding the International Trade Administration's (ITA's) decision not to review named importers of Colombian flowers, Floral Trade Council v. United States, 692 F.Supp. 1387, 1389 (Ct.Int'l Trade 1988), and the trial court's decision, after remand to the ITA, that the ITA reasonably rejected Floral Trade Council's request to investigate unnamed suppliers of named importers, or, alternatively, all Colombian growers. Floral Trade Council v. United States, 707 F.Supp. 1343, 1344 (Ct. Int'l Trade 1989).
 
 BACKGROUND
 
 2
 In March of 1987, ITA published its final determination that sales of certain imported flowers from Colombia were being made at less than fair value and imposed antidumping duties. Certain Fresh Cut Flowers from Colombia, 52 Fed.Reg. 6842 (Dep't Comm.1987). On March 8, 1988, ITA published a notice allowing all interested parties until March 31, 1988, to request an administrative review of the antidumping duty rate. Opportunity to Request Administrative Review, 53 Fed.Reg. 7383 (Dep't Comm.1988).
 
 
 3
 On March 31, 1988, Floral Trade Council requested an administrative review, inter alia, of sales by six designated Colombian exporters and of sales to twenty-four designated importers and brokers of Colombian flowers and requested that ITA "issue questionnaires to each of these importers requesting price data as well as the identity of their suppliers in each of the countries subject to an antidumping order." Joint App. at 21-22, Floral Trade Council (No. 89-1425). Floral Trade Council was notified April 12, 1988, that ITA denied its request to investigate twenty-four importers and brokers and to issue questionnaires. Id. at 25. On April 18, Floral Trade Council submitted a second letter to ITA requesting a review of sales by their unnamed suppliers to the twenty-four named importers or, in the alternative, inclusion of "all Colombian growers and their related party importers and consignment agents in the review." Id. at 36.
 
 
 4
 The ITA did not initiate a review of such suppliers or all Colombian growers. Floral Trade Council then brought suit in the Court of International Trade challenging ITA's denial of its request for an administrative review. The court held that ITA need not initiate a review based on the naming of importers, but reasonably required "that a domestic party name the producers or exporters it wishes reviewed in an antidumping case so that the rates applicable to such producers or exporters may be redetermined." Floral Trade Council v. United States, 692 F.Supp. 1387, 1389 (Ct.Int'l Trade 1988).
 
 
 5
 The trial court remanded the case to the ITA for a decision whether ITA would accept Floral Trade Council's April 18 letter requesting review of suppliers of named importers, or alternatively, all Colombian growers. Id. at 1390. Upon remand the ITA concluded that it could not practicably identify the unnamed suppliers of the named importers and that the alternative request, to review all Colombian growers, was untimely made. See Floral Trade Council v. United States, 707 F.Supp. 1343, 1344 (Ct.Int'l Trade 1989). The ITA therefore decided not to conduct an administrative review based on the April 18 letter. The trial court upheld that decision as reasonable. Id. at 1345.
 
 
 6
 Floral Trade Council timely appealed the final judgment of the Court of International Trade, based on its two opinions, under 28 U.S.C. Sec. 2645(c) (1982) and we have jurisdiction under 28 U.S.C. Sec. 1295(a)(5).
 
 OPINION
 I. Questions Presented
 
 7
 This case presents three questions: (1) whether 19 C.F.R. Sec. 353.53a(a)(1) (1988) is a reasonable regulation and is in accord with its statutory predicate, 19 U.S.C. Sec. 1675(a)(1) (1982 & Supp. V 1987); (2) whether ITA acted reasonably in declining to review sales to named importers by their unnamed suppliers; and (3) whether ITA acted reasonably in rejecting as untimely the April 18 request to investigate "all Colombian growers."
 
 II. Deference to Agency Interpretation
 
 8
 ITA's interpretation of the statutes it administers and its own regulations implementing those laws are to be accorded substantial weight. See Zenith Radio Corp. v. U.S., 437 U.S. 443, 450-51, 98 S.Ct. 2441, 2445-46, 57 L.Ed.2d 337 (1978); American Lamb Co. v. United States, 785 F.2d 994, 1001 (Fed.Cir.1986). To sustain ITA's statutory interpretation, this court need not find that the agency's interpretation is the only reasonable one, or is even the one we would have reached had the question arisen first in judicial proceedings. See American Lamb, 785 F.2d at 1001. Regulations are to be sustained unless unreasonable or plainly inconsistent with the statute. See id.
 
 III. The Statute and the Regulation
 
 9
 The statute at issue provides for an annual review "if a request for such a review has been received...." 19 U.S.C. Sec. 1675(a)(1) (1982 & Supp. V 1987). The regulation requires review if an interested party makes a written request for an administrative review "of specified individual manufacturers, producers, or exporters ('producers or exporters') covered by the order or finding, if the requesting party states why the person desires the Secretary to review those particular producers or exporters." 19 C.F.R. Sec. 353.53a(a)(1). The regulation's requirement of stating reasons for a review is not at issue in this case. We therefore limit our analysis to the requirement that a requester specify individual "producers or exporters" to be reviewed.
 
 IV. Legislative Intent
 
 10
 The ITA regulation could not be upheld if it conflicted with clearly discernible legislative intent; however, even if the legislative intent is not contravened, this court must still determine whether ITA's interpretation is reasonable. See American Lamb, 785 F.2d at 1001.
 
 
 11
 Section 1675(a) of title 19 originally provided for a mandatory annual review of dumping orders. See 19 U.S.C. Sec. 1675(a)(1) (1982). The statute was amended in 1984 to require review only upon request. Trade and Tariff Act of 1984, Pub.L. No. 98-573, tit. VI, Sec. 611(a), 98 Stat. 2948, 3031 (codified at 19 U.S.C. Sec. 1675(a)(1) (1982 & Supp. V 1987)).
 
 
 12
 One purpose of the 1984 amendment was to "limit the number of reviews in cases in which there is little or no interest, thus limiting the burden on petitioners and respondents, as well as the administering authority." H.R.Conf.Rep. No. 1156, 98th Cong., 2nd Sess. 181, reprinted in 1984 U.S.Code Cong. & Admin.News 4910, 5220, 5298 (emphasis added). Similarly, a House Report asserted that one purpose for a limitation on reviews was to:
 
 
 13
 reduce the administrative burden on the Department of Commerce of automatically reviewing every outstanding order even though circumstances do not warrant it or parties to the case are satisfied with the existing order. The increasing number of outstanding orders subject to review each year imposes an unnecessarily heavy burden on limited staff resources.
 
 
 14
 H.R.Rep. No. 725, 98th Cong., 2d Sess. 22-23 (1984), U.S.Code Cong. & Admin.News 5149.
 
 
 15
 Regardless of whether this legislative history compelled the ITA's regulation to limit review to specified producers and exporters, and not specified importers, such a regulation is consistent with and promotes the articulated statutory purpose of reducing the ITA's burden in reviewing outstanding orders.* Moreover, the regulation is otherwise reasonable.
 
 
 16
 ITA acted in accordance with its regulation when it declined to implement Floral Trade Council's request for review of importers and their unnamed suppliers because the request was not for review of "specified individual manufacturers, producers, or exporters" as required by 19 C.F.R. Sec. 353.53a(a)(1).
 
 
 17
 Floral Trade Council argues that the definition in 19 U.S.C. Sec. 1677(13) of "exporter" should also apply to the regulation's word "exporter." Section 1677(13) of title 19 defines "exporter" to include importers for purposes of calculating United States price, 19 U.S.C. Sec. 1677a, and foreign market value, 19 U.S.C. Sec. 1677b(a)(3). There is no basis for transferring that definition to the very different purposes of a regulation implementing annual reviews of dumping rates applicable to foreign producers and exporters.
 
 
 18
 Floral Trade Council further asserts that 19 U.S.C. Sec. 1677e (1982 & Supp. V 1987), which allows the ITA to use the "best information available" in assessing dumping duties against unresponsive parties subject to investigation, can be used to compel importers to identify their producers and exporters. Floral Trade Council contends that this power should remove its burden of identifying individual manufacturers, producers, or exporters as required by 19 C.F.R. Sec. 353.53a. Given the legislative history of the 1984 amendment demonstrating its purposes to include alleviating ITA's administrative burden, requiring ITA to attempt to compel importers to respond in annual reviews is inappropriate.
 
 
 19
 Additionally, the ITA rejected as untimely submitted Floral Trade Council's April 18 letter which requested review of all Colombian growers. On March 8, 1988, the ITA set a March 31, 1988, deadline for review requests. See 53 Fed.Reg. 7383 (Dep't Comm.1988). Floral Trade Council was not entitled to have ITA treat its April 18 letter as "relating back" to its March 31 letter for purposes of making a timely request for administrative review. The trial court found that the "March request was ambiguous and did not specify the alternative of investigation of all suppliers that plaintiff now seeks." Floral Trade Council, 707 F.Supp. at 1344. Such a finding precludes Floral Trade Council from benefiting from application of the doctrine of relation back. Since the request as to all growers was not stated in the March letter, there is nothing for the April letter to relate back to. The trial court properly concluded that "ITA is not required to accept clarifications of unclear, ambiguous or otherwise inadequate requests for administrative review after the deadline for submitting requests for administrative review has passed." Id. We therefore uphold the trial court's holding that Floral Trade Council's April 18 request for review of all growers was properly rejected by ITA as untimely.
 
 
 20
 The decision of the Court of International Trade is
 
 
 21
 AFFIRMED.
 
 
 
 *
 The ITA generally imposes exporter-specific rates but has on two occasions since the 1984 amendment imposed importer-specific rates for antidumping duties. See Replacement Parts for Self-Propelled Bituminous Paving Equipment from Canada, 51 Fed.Reg. 7600 (Dep't Comm.1986); Bicycle Speedometers from Japan, 52 Fed.Reg. 42,329 (Dep't Comm.1987). In both instances the duty rate was calculated using an exporter (or manufacturer)/ importer combination. Thus, a request for review of a manufacturer or exporter would trigger an annual review even when an importer-specific rate was used. The ITA reverted to its standard practice of using exporter-specific rates when annual reviews were done in these cases. See Replacement Parts for Self-Propelled Bituminous Paving Equipment from Canada, 52 Fed.Reg. 28,169 (Dep't Comm.1987); Bicycle Speedometers from Japan, 53 Fed.Reg. 7771 (Dep't Comm.1988)