The ASOCIACION COLOMBIANA de EXPORTADORES de FLORES, Plaintiffs–Appellants,

Association of Floral Importers of Florida; Riverdale Farms, Inc.; Grupo Andes; and Flores Funca, Plaintiffs,

v.

The UNITED STATES, and Floral Trade Council of Davis, California, Defendants–Appellees.

No. 89–1748.

United States Court of Appeals, Federal Circuit.

May 16, 1990.

Patrick F.J. Macrory, Arnold & Porter, of Washington, D.C., argued, for plaintiffs-appellants. With him on the brief were, Spencer S. Griffith and Gwyn F. Murray.

Jeanne E. Davidson, Atty., Commercial Litigation Branch, Dept. of Justice, of

Washington, D.C., argued, for defendants-appellees, The U.S. With her on the brief were, Stuart M. Gerson, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief were, Wendell L. Willkie, II, Gen. Counsel, Stephen J. Powell, Chief Counsel for Import Admin. and Anne White, Attorney–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel. James R. Cannon, Jr., Stewart & Stewart, of Washington, D.C., argued, for defendants-appellees, Floral Trade Council of Davis, Cal. With him on the brief were, Eugene L. Stewart, Terence P. Stewart and Jimmie V. Reyna.

Before MAYER, Circuit Judge, BALDWIN and FRIEDMAN, Senior Circuit Judges.

FRIEDMAN, Senior Circuit Judge.

This is an appeal from (1) a decision of the Court of International Trade refusing to enjoin the International Trade Administration of the Department of Commerce (Administration) from conducting an annual administrative review in a dumping case, and (2) the judgment of that court dismissing the action that challenged the Administration's institution of that review. We affirm.

I

A. In March 1987, in response to a petition filed by the appellee Floral Trade Council of Davis, California (Council), an association of United States flower growers, the Administration held that sales of certain imported flowers from Colombia were being made at less than fair value and imposed antidumping duties. *Certain Fresh Cut Flowers from Colombia*, 52 Fed.Reg. 6842 (Dep't Comm.1987). The Administration found that the dumping margins ranged from .057 percent to 83.14 percent.

The statute provides that, at least once during each 12-month period following the publication of an antidumping order, the Administration shall "review, and determine ... the amount of any antidumping duty" "if a request for such a review has been received." 19 U.S.C. § 1675(a)(1)(B) (1988). By regulation, the Administration has stated that "an interested person"

> may request in writing that the Secretary conduct an administrative review of specified individual manufacturers, producers, or exporters ("producers or exporters") covered by the order or finding, if the requesting person states why the person desires the Secretary to review those particular producers or exporters....

19 C.F.R. § 353.53a(a)(1) (1987) (recodified at 19 C.F.R. § 353.22(a)(1) (1989) with minor changes).

B. In March 1988, the Council requested an administrative review of sales during the preceding 12 months by six named Colombian exporters and of sales to 24 designated importers and brokers of Colombian flowers. The Administration instituted a review of the sales by the six exporters. It declined to investigate the 24 importers and brokers, however, on the ground that the regulation covered only "manufacturers, producers, or exporters" and not importers or brokers. The Administration subsequently rejected as untimely a request by the Council for an alternative investigation of "all Colombian growers."

The Court of International Trade upheld the Administration's refusal to investigate either the importers and brokers or "all Colombian growers." *Floral Trade Council v. United States*, 692 F.Supp. 1387 (Ct. Int'l Tr.), *after remand*, 707 F.Supp. 1343 (Ct. Int'l Tr.1989). This court affirmed the Court of International Trade, upholding the Administration's rulings that (1) the regulations do not provide for investigation of importers and purchasers and (2) the request to investigate "all Colombian growers" was untimely. *Floral Trade Council of Davis, Cal. v. United States*, 888 F.2d 1366, 1370 (Fed.Cir.1989).

C. In March 1989, the Council requested the Administration to conduct another administrative review for the 12 preceding months. Letter of Eugene L. Stewart, Stewart & Stewart, for Council, to Robert Mosbacher, Sec'y, U.S. Dep't of Commerce, dated Mar. 29, 1989 (Request for § 751

Administrative Review) [hereinafter Council Letter]. It stated that "[d]espite the presence of the dumping order, widespread dumping of fresh cut flowers imports has continued in the U.S. market." It attached as a confidential exhibit "[e]vidence of sales of standard carnations and pompon chrysanthemums at severely discounted prices made during the period of this requested review...." *Id.* at 1.

The Council requested the Administration to review seven named "Colombian companies" that "were respondents in the original antidumping duty investigation and were determined to have been dumping on the U.S. market." *Id.* at 2. The Council also named 10 importers and 21 brokers who "are placing on the U.S. market low priced products." *Id.* It stated that the "suppliers of these importers, therefore, are among the Colombian producers most likely to be dumping" but that the Council "cannot identify the suppliers of these importers." *Id.*

The Council requested that the Administration review 170 named "Colombian growers." The Council stated that it believed that "some or all" of those growers "are suppliers of the specific importers known to be selling imported fresh-cut flowers." *Id.* at 4. The Council also listed 34 additional "Colombian exporters" to be investigated, who had "been identified, but not verified, as exporters (1) that did not export flowers subject to the investigation, or (2) that were listed as exporters of the subject flowers, but for whom no export statistics are available. Exports of the flowers subject to investigation may have occurred subsequent to the original investigation and during the period of this review." *Id.* at 4–5.

The appellant Asociacion Colombiana de Exportadores de Flores (Asociacion), an association of Colombian exporters of cut flowers to the United States, and an association of importers of those flowers, urged the Administration to reject the request for administrative review. They argued that the Council's request did not comply with the Administration's "regulation governing administrative review" because it "request-ed a blanket review of *all* Colombian exporters and has failed to provide adequate reasons why all exporters should be reviewed." Letter of Patrick F.J. Macrory, Arnold & Porter, for Asociacion, to Robert A. Mosbacher, Sr., Sec'y, U.S. Dep't of Commerce, dated Apr. 5, 1989, at 2 (emphasis in original).

The Administration rejected the objection and initiated the requested administrative review of 203 of the 204 named Colombian exporters. (One exporter was excluded because, in the original investigation, its dumping margins were *de minimis.*) *Initiation of Antidumping and Countervailing Duty Administrative Review; Notice of Initiation,* 54 Fed.Reg. 18,320 (Dep't Comm.1989). An internal Administration memorandum to the files explaining the reasons for the investigation stated that the Council "has specified the Colombian growers and exporters which it wants reviewed and has provided reasons which the Department considers adequate...."

Asociacion then filed in the Court of International Trade the present action challenging the Administration's initiation of the administrative review. It argued that the Administration had violated its own regulation, and sought a preliminary injunction.

In a detailed opinion, the court first held that it had jurisdiction of the suit under 28 U.S.C. § 1581(i), which gives the court so-called residual jurisdiction. The court rejected the contention of the government and the Council that the only method by which Asociacion could challenge the initiation of the administrative review was as part of judicial review of the final order the Administration would enter at the conclusion of the administrative review. *Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States,* 717 F.Supp. 847, 849–51 (Ct. Int'l Tr.1989).

The court then denied a preliminary injunction because Asociacion had failed to show a likelihood of success on the merits. The court held that the Administration "acted reasonably when it determined that sufficient 'reasons' had been stated and decided to go forward with the administra-

tive review on the basis of [the Council's] requests." *Id.* at 853.

In a short opinion on the merits, the court "adopt[ed] the discussion" in its opinion denying a preliminary injunction. *Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States*, 718 F.Supp. 1547, 1548 (Ct.Int'l Tr.1989). The court stated that it "remains of the view that the [Administration] did not violate its regulation, 19 C.F.R. § 353.53a(a) (1988), by agreeing to conduct an administrative review of its unfair trade order, with respect to 203 exporters or growers of cut flowers from Colombia." *Id.* at 1548. It ruled that the Administration had "acted reasonably in deciding that a broad review of an industry composed of numerous small exporters is appropriate where the lines to importers whose sales allegedly harm [the Council] are not clear," and that the Council's request for the administrative review "satisfies the letter of the regulation and [the Administration] has not acted unreasonably in deciding in this situation that the spirit of the regulation is met as well." *Id.*

## II

■ The government, but not the Council, argues that the Court of International Trade had no jurisdiction under 28 U.S.C. § 1581(i)(4) over this suit. According to the government, that court "possesses jurisdiction to entertain a challenge to the initiation of an administrative review only *after* Commerce has completed the review and has published the *final* results." (Emphasis in original.)

The government made virtually the same argument in a similar situation in *Sharp Corp. v. United States*, 837 F.2d 1058 (Fed. Cir.1988). There the government appealed from a preliminary injunction of the Court of International Trade barring the Administration from conducting administrative reviews of antidumping orders unless the agency met certain conditions. In discussing the government's contention that the Court of International Trade lacked jurisdiction, we stated:

The government's argument that the Court of International Trade has no authority to control Commerce's administrative reviews of the antidumping order really is a contention that judicial review of Commerce's interlocutory actions in conducting such review is premature, not that the court has no jurisdiction to consider the question. It is an aspect of the exhaustion-of-administrative-remedies doctrine—that judicial review of administrative action is inappropriate unless and until the person seeking to challenge that action has utilized the prescribed administrative procedures for raising the point.

837 F.2d at 1062.

This analysis is equally applicable to the government's jurisdictional argument here.

In *Sharp*, we reversed the preliminary injunction because we concluded that the companies would not suffer irreparable injury by participating in the administrative review. In view of that action, we stated:

In these circumstances we find it unnecessary to consider the government's contention that any judicial review of the methods Commerce is using to conduct its administrative review must await Commerce's final decision on Sharp's and Toshiba's request that the antidumping order be revoked with respect to them.

*Id.*

We follow the same course in the present case. Since, for the reasons given in part III, we uphold the Court of International Trade's denial of a preliminary injunction and dismissal of the action, "we find it unnecessary to consider the government's contention that any judicial review of the" Administration's initiation of the administrative review "must await Commerce's final decision" in that administrative review.

## III

■ Asociacion's only contention is that the Administration's initiation of the administrative review violated its regulation 19 C.F.R. § 353.53a(a)(1) (1987). We agree with the Court of International Trade, however, that the Administration's action did not violate the regulation.

As noted, the regulation prescribes two requirements for a request for an annual administrative review: (1) The request must relate to "specified individual manufacturers, producers, or exporters ('producers or exporters')" covered by the antidumping order or finding, and (2) the requester must state "why" it wants the Administration "to review those particular producers or exporters." 19 C.F.R. § 353.53a(a)(1).

The Administration justifiably concluded that the Council's request satisfied both of those requirements.

The request listed by name the 204 Colombian producers the Council asked the Administration to investigate. The request thus "specified" the individual producers or exporters to be investigated. This request stands in sharp contrast to the Council's untimely request in the prior proceeding that the Administration investigate "all Colombian growers" without naming any but six of them.

The request also "state[d] why" the Council sought review of "those particular [named] producers or exporters." The request explained that "widespread dumping of fresh cut flowers imports has continued in the U.S. market" despite the antidumping order, and offered evidence of flower sales "at severely discounted prices made during the period of this requested review. . . ." Council Letter, at 1. The Council explained that it could not identify the suppliers of 31 importers and brokers whom it "believed" were selling Colombian flowers at less than fair value, but that it believed that "some or all" of the named Colombian growers it requested to be investigated were "suppliers of the importers and brokers identified" as "placing on the U.S. market low priced products." *Id.* at 2.

Asociacion contends that this explanation of the Council's reasons for requesting investigation of the 204 Colombian exporters was insufficient. According to Asociacion, the Council was required to go further and attempt to determine which of those 204 exporters actually had sold at below fair value.

There is nothing in the regulation that imposes that additional requirement, and we decline to expand the unambiguous language of the regulation to include that condition by implication. The commentary accompanying the final regulation stated that the requirement that the requester state "the reasons why the requester desires review of particular producers or exporters" "is not intended to be a difficult hurdle to overcome." *Antidumping and Countervailing Duties; Administrative Review on Request; Transition Provision; Interim-final and final rule,* 50 Fed.Reg. 32,556, 32,557 (Dep't Comm.1985). The commentary further stated that "[b]ecause the Department has limited resources, requests and the statements should help the Department focus on the potential respondents which the requester believes to be most important to the requester." *Id.* at 32,557.

■ The purpose of both requirements in the request is to aid the Administration in the performance of its statutory duty to conduct annual administrative reviews upon request. Although Asociacion contends that the Council's request did not properly satisfy the obligation that the regulation allegedly imposed upon the Council to help the Commission in its work, that determination was for the Administration and not Asociacion to make. The Administration imposed the requirements for its benefit, not for the benefit of the subjects of the requested investigation.

The Administration neither committed legal error nor abused its discretion in concluding that the Council's request "provided reasons which the Department considers adequate."

■ The Administration's interpretation of its own regulations implementing "the statutes it administers" is entitled to "substantial weight." *Floral Trade Council,* 888 F.2d at 1368. "When the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order. '. . . [T]he administrative interpretation . . . becomes . . . controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'" *Udall v.*

*Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) (quoting *Bowles v. Seminole Rock Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)). Here the Administration interpreted the "request" regulation as requiring no more detail than the Council provided. We have no reason to reject the Administration's interpretation and application of its own regulation to the facts of this case.

## CONCLUSION

The judgment of the Court of International Trade dismissing this action is

AFFIRMED.