FLORAL TRADE COUNCIL, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, ET AL., DEFENDANT-INTERVENORS

Court No. 93–06–00372

(Dated December 22, 1993)

*Stewart and Stewart (Terence P. Stewart, James R. Cannon, Jr.* and *Amy S. Dwyer)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Michael S. Kane), Patrick V. Gallagher, Jr.,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.
*Arnold & Porter (Michael T. Shor* and *Susan G. Lee)* for defendant-intervenors.

OPINION

RESTANI, *Judge:* This issue is before the court on defendant's and defendant-intervenors' motions for judgment on the agency record. Plaintiff, a representative of the domestic flower industry, seeks to add parties to an administrative review under 19 U.S.C. § 1675(a) (1988) of an outstanding antidumping duty order. *See Certain Fresh Cut Flowers from Colombia,* 52 Fed. Reg. 8492 (Dep't Comm. 1987) (amended final determ. of sales at less than fair value & antidumping duty order). The review currently covers more than 200 producers and exporters named by plaintiff in its request for an administrative review under 19 C.F.R. § 353.22 (1993). *See Certain Fresh Cut Flowers from Colombia,* 58 Fed. Reg. 31,010, 31,010–12 (Dep't Comm. 1993) (init. of admin. review). Plaintiff claims, however, that it does not have access to the names of the suppliers of the importers it alleges are selling at less than fair value and it therefore requests review of the entire Columbian industry.[1] It also alleges that the identities of all the relevant producers are not known to it, but that the identities are known to the foreign parties participating in the review, to the government of Columbia and to various agencies of the United States.

This action puts before the court a question which was arguably left unanswered in *Floral Trade Council v. United States,* 888 F.2d 1366 (Fed. Cir. 1989). In that case, the court determined that plaintiff did not satisfy the requirements of the regulation by naming in its request for review importers, in contrast to "manufacturers, producers, or exporters." *Id.* at 1369 (discussing 19 C.F.R. § 353.53a(a)(1) (1988), a predecessor to 19 C.F.R. § 353.22 (1993)). The precise question of whether plaintiff could request a review of the entire Columbian industry, leaving to the Department of Commerce the task of gathering the names of all relevant producers and exporters, was not before the court. *See id.* at

---

[1] The industry is fragmented and Columbian producers are entering and leaving the U.S. market on an ongoing basis.

1370. The reasoning of the opinion, however, does not support plaintiff's view. First, the decision holds that Commerce may condition the request for a review in some ways. *Id.* at 1369. Second, the decision also rests on the court's view that the statutory switch in 1984 from mandatory reviews to reviews upon request only was intended to ease Commerce's burdens. *Id.* (citing H.R. Rep. No. 725, 98th Cong., 2d Sess. 22–23 (1984), *reprinted in* 1984 U.S.C.C.A.N. 5127, 5149). Placing the burden of initial name-gathering, as well as all the other data gathering, upon Commerce does not serve this end. It also cannot be overlooked, however, that Congress' avowed methodology was eliminating reviews in which no one was interested. *See* H.R. Rep. No. 725, at 22–23, 1984 U.S.C.C.A.N. at 5149. Furthermore, the statute imposes no specific burdens on requesters. *See* 19 U.S.C. § 1675(a). Thus, the burdens on the requester are those caused by the mechanics of triggering the review that is actually desired. In practical terms, these burdens should be minimal.

The parties agree that 19 C.F.R. § 353.22, which provides for reviews upon request of "specified individual producers or resellers covered by an order," may reasonably be interpreted as requiring requesters *to name* exporters and producers. Thus, the only question is whether the naming requirement unreasonably burdens plaintiff, so that the regulation as interpreted and applied conflicts with the statute. The court is not convinced that the name-gathering task is so burdensome to plaintiff and so easy for Commerce to accomplish that a conflict with the statute has been created.

Commerce's choices are either to attempt to pry information that other agencies claim is confidential from those agencies or to use diplomatic channels to discover the names.[2] Plaintiff, on the other hand, has learned many of the names through litigation and through the market investigation it conducted in conjunction with the original investigation of Columbian flower producers. It knows the identities of the largest producers and could gain further information as to the smaller producers who may be entering the U.S. export industry through an updated investigation. While it might be easier for ITA to track down the identities of the producers, the process is not without some burdens and the court is not convinced that plaintiff has exhausted avenues reasonably available to it.[3] Furthermore, it is not apparent that any particularly harmful dumping is eluding review.

Accepting the view, implicit in *Floral Trade Council,* that Commerce may impose some minimal burdens on requesters of reviews, the court is compelled to find plaintiff must bear the relatively small burden im-

---

[2] The participating foreign trade association does not represent the entire industry. Its ability to identify nonmember producers is not clear from the record. It alleges that only two of its members are unnamed and that they are small producers.

[3] Plaintiff's request to Commerce did not focus on its attempts to exhaust avenues to identification of the producers.

posed on it by the regulation to name names.[4] 888 F.2d at 1369, 1370. Accordingly, defendant's and defendant-intervenors' motions are granted and the preliminary injunction entered herein on September 14, 1993 is dissolved. *See Floral Trade Council v. United States,* Slip Op. 93–181 (Sept. 14, 1993).

---

[4] The regulation also requires the requester to state a reason why the review is requested. 19 C.F.R. § 353.22(a)(1). The court is not called upon to decide which, if any, reasons are insufficient to trigger a review.