D & L SUPPLY CO. and Guangdong Metals & Minerals Import & Export Corporation; U.V. International, Sigma Corporation, Southern Star, Inc., City Pipe and Foundry, Inc., Long Beach Iron Works, Inc.; and Overseas Trade Corporation, Plaintiffs,

v.

UNITED STATES, Defendant,

Alhambra Foundry Inc., Allegheny Foundry Co., Bingham & Taylor Division, Virginia Industries, Inc., Charlotte Pipe & Foundry Co., East Jordan Iron Works, Inc., Lebaron Foundry Inc., Municipal Castings, Inc., Neenah Foundry Co., Opelika Foundry Co., Inc., Tyler Pipe Industries, Inc., U.S. Foundry & Manufacturing Co. and Vulcan Foundry, Inc., Defendant-Intervenors.

Court No. 92–06–00424.
Slip Op. No. 93–245.

United States Court of International Trade.

Dec. 28, 1993.

Whitman & Ransom, Dennis James, Jr. and Kathleen F. Patterson, Washington, DC, for plaintiffs D & L Supply Co. and Guangdong Metals & Minerals Import & Export Corp.

Willkie Farr & Gallagher, Walter J. Spak, Christopher Dunn, Christopher S. Stokes and Theodore C. Whitehouse, Washington, DC, for plaintiffs U.V. Intern., Sigma Corp., Southern Star, Inc., City Pipe and Foundry, Inc. and Long Beach Iron Works, Inc.

Mudge Rose Guthrie Alexander & Ferdon, N. David Palmeter, Jeffrey S. Neeley and Richard G. King, Washington, DC, for plaintiff Overseas Trade Corp.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Marc E. Montalbine, Jeffery C. Lowe, Atty.–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, of counsel, for defendant.

Collier, Shannon, Rill & Scott, Paul C. Rosenthal, Mary T. Staley and Robin H. Gilbert, Washington, DC, for defendant-intervenors Alhambra Foundry Inc., Allegheny Foundry Co., Bingham & Taylor Div., Virginia Industries, Inc., Charlotte Pipe & Foundry Co., East Jordan Iron Works, Inc., Lebaron Foundry Inc., Mun. Castings, Inc., Neenah Foundry Co., Opelika Foundry Co., Inc., Tyler Pipe Industries, Inc., U.S. Foundry & Mfg. Co. and Vulcan Foundry, Inc.

## OPINION

TSOUCALAS, Judge:

Plaintiffs move for judgment on the agency record contesting the Department of Commerce, International Trade Administration's ("Commerce") determination in *Certain Iron Construction Castings From the People's Republic of China; Final Results of Antidumping Duty Administrative Review* ("*Final Results*"), 57 Fed.Reg. 24,245 (1992). Specifically, plaintiffs contest Commerce's (1) reliance on rates that were the subject of judicially challenged prior reviews as best information available ("BIA"); (2) refusal to receive and consider plaintiffs' comments in this proceeding; (3) increase of the antidumping duties payable by D & L Supply Co. from 11.66% to 92.74%; and (4) failure to institute a review for China National Machinery Import and Export Corporation ("MACHIMPEX"), Liaoning and use of BIA for determining foreign market value for MACHIMPEX Liaoning as a non-responsive company.

On June 18, 1991, Commerce issued a notice of initiation of an administrative review for the period May 1, 1990 through April 30, 1991. *Initiation of Antidumping and Countervailing Duty Administrative Reviews* ("*1990–91 Initiation*"), 56 Fed.Reg. 27,943 (1991). Commerce subsequently issued its preliminary results of this review on February 27, 1992. *Certain Iron Construction Castings From the People's Republic of China; Preliminary Results of Antidumping Duty Administrative Review* ("*Preliminary Results*"), 57 Fed.Reg. 6,709 (1992). The Final Results were issued on June 8, 1992. *Final Results*, 57 Fed.Reg. at 24,245. Oral Argument was heard in this case on July 20, 1993.

### Discussion

In reviewing a final determination of Commerce, this Court must uphold that determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence has been defined as being "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). It is "not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States*, 12 CIT 955, 962, 699 F.Supp. 300, 306 (1988), *aff'd*, 894 F.2d 385 (Fed.Cir. 1990).

### 1. Best Information Available Rate

Plaintiffs D & L Supply Co. ("D & L") and Guangdong Metals & Minerals Import & Export Corporation ("Guangdong Minmetals") claim that Commerce erred in using as BIA a rate that was currently subject to judicial review. *Plaintiffs D & L Supply Co. and Guangdong Minmetals Memorandum of Points and Authorities in Support of Their Rule 56.1 Motion for Judgment on the Agency Record ("D & L Memorandum")* at 8. Plaintiffs U.V. International, Sigma Corporation, Southern Star, Inc., City Pipe and Foundry, Inc. and Long Beach Iron Works, Inc. ("U.V.") concur and claim that Commerce's use of BIA in this instance was arbitrary, political, capricious and an abuse of discretion. *Brief in Support of Motion of Plaintiffs U.V. International, Sigma Corp., Southern Star, Inc., City Pipe and Foundry, Inc., and Long Beach Iron Works, Inc., for Judgment Upon the Agency Record ("U.V. Brief")* at 2.

In the Final Results of this review, Commerce applied a margin of 92.74% as BIA. That margin had been calculated in the 1989–90 annual review, which was for the period preceding the review in this case. *See Final Results of Antidumping Duty Administrative Review: Certain Iron Construction Castings From the People's Republic of China*, 57 Fed.Reg. 10,644 (1992). Guangdong Minmetals also contested the Final Results for the 1989–90 review and recently the Court decided that case in *Sigma Corp. v. United States ("Sigma II")*, 17 CIT ——, 841 F.Supp. 1275 (1993).

In *Sigma II*, the Court remanded the case to Commerce to reconsider its use of Indian pig iron and scrap iron prices to calculate Sigma's and Guangdong Minmetals' foreign market value, and to recalculate freight costs using the information on the record which was submitted by respondents, among other calculations.

Plaintiffs now claim that since the rate from the prior review was being contested, it would have been more appropriate for Commerce to apply a rate as BIA that was not being contested in court. *D & L Memorandum* at 9; *U.V. Brief* at 12.

Commerce, however, deems its selection of BIA as proper stating that the mere filing of a summons and complaint initiating an action to challenge a prior Commerce decision does not negate Commerce's current decision. *Defendant's Memorandum in Opposition to Plaintiffs' Motions For Judgment on the Agency Record ("Defendant's Memorandum")* at 13–15. The Court agrees. If the filing of a summons and complaint precluded Commerce from using a prior margin as BIA, then a party could willfully eliminate certain rates for use as BIA simply by filing a summons and complaint challenging those earlier administrative reviews, whether or not the action was ultimately found to have merit.

Nevertheless, the fact remains that *Sigma II*, 17 CIT ——, 841 F.Supp. 1275, was remanded to Commerce for various calculations that will presumably change the margins used by Commerce in that review. Therefore, the issue in this case is remanded to Commerce, and once Commerce has recalculated the margins in the preceding case it should reevaluate the situation in this case

and deem whether the rate from the preceding review is still appropriate for use as BIA.

### 2. *Procedural Due Process*

■ Plaintiffs D & L, Guangdong Minmetals and U.V. also contest Commerce's refusal to accept plaintiffs' comments on the preliminary determination and state that to do so was a denial of plaintiffs' procedural due process rights. *D & L Memorandum* at 11; *U.V. Brief* at 3–4. Plaintiffs claim that their rejected comments merely requested that Commerce either use as BIA the rate from the original investigation which was the only rate not subject to judicial review or to hold the determination in abeyance until a correct BIA rate could be set following judicial review. Nevertheless, this issue was rectified in the preceding section of this opinion as the Court stated that Commerce's BIA selection pends the outcome of Commerce's remand on the case in the preceding review.

In this case, Commerce returned comments filed by plaintiffs following the preliminary determination and stated that "[a]lthough comments were also submitted by two other importers, because they were untimely we did not consider them, and we returned them in accordance with 19 C.F.R. 353.38(a)." *Final Results,* 57 Fed.Reg. at 24,246.

Plaintiffs, however, do not contest that these comments were submitted untimely. Commerce's regulations state in pertinent part: "The Secretary will consider in making the final determination ... or in the final results ... only written arguments in case or rebuttal briefs filed within the time limits in this section." 19 C.F.R. § 353.38(a) (1992). Thus, Commerce acted properly in rejecting plaintiffs' untimely submissions and, therefore, its determination as to this issue was in accordance with law.

### 3. *Retroactively Increasing Dumping Duties*

■ Plaintiffs D & L and Guangdong Minmetals also claim that Commerce erred by retroactively increasing the antidumping duties payable by D & L from 11.66% to 92.74%. *D & L Memorandum* at 14. Plaintiffs claim that this was unduly harsh and a denial of plaintiffs' substantive due process rights. *Id.* Plaintiffs state that the deposit rate on most of the merchandise that entered in 1990–91 was 11.66%. This amount was deposited by D & L on each entry. The merchandise was then sold to third parties. D & L claims that its prices to third parties took into account the 11.66% duty and to subsequently increase that duty to 92.74% is unduly harsh and oppressive. *Id.*

The Court disagrees. The uncertainty of knowing the final amount of duties due at the time of entry is simply an inherent part of importing merchandise into the United States. When importing merchandise into the United States, the importer must deposit the estimated amount of duties or post an appropriate bond. *See* 19 U.S.C. § 1505(a) (1988 & Supp.1993). It is only later, at the time of liquidation, that the final duties upon the merchandise are assessed and, if the final duties are greater than the amount of estimated duties deposited, then the Customs Service collects the additional duties. *See id.* at 1505(b). Therefore, plaintiffs should have anticipated the possibility that additional duties would be owed and, therefore, they cannot now claim a due process violation. Thus, Commerce acted in accordance with law.

### 4. *Exclusion of Liaoning*

■ Plaintiff Overseas Trade Corporation ("Overseas") is an American owned company located in Seattle, Washington. During the period of review in question in this case, Overseas purchased iron construction castings from China National Machinery Import and Export Corporation ("MACHIMPEX"), Liaoning. Overseas claims that Petitioner's failure to name MACHIMPEX Liaoning in its requests for reviews and Commerce's failure to institute reviews for that company was unsupported by substantial evidence. *Plaintiff Overseas Trade Corporation's Brief in Support of its Motion for Judgment Upon the Agency Record ("Overseas Motion")* at 14.

Overseas claims that during the periods of review, MACHIMPEX Liaoning was a separate and distinct company from other compa-

nies bearing the MACHIMPEX name. Indeed, at one time, Liaoning was connected with the national headquarters in Beijing, but Overseas contends that this is no longer the case.

In its notice of initiation of antidumping and countervailing duty administrative reviews, Commerce named the companies it was reviewing including the Beijing branch of Minmetals, the Guangdong branch of Minmetals, the Liaoning branch of Minmetals, the Jilin branch of Minmetals, and the Anhui branch of Minmetals. *1990–91 Initiation,* 56 Fed.Reg. at 27,944. MACHIMPEX was not named and neither was MACHIMPEX Liaoning. *Id.* Commerce subsequently directed the sending of questionnaires to the firms named. Administrative Record ("AR") (Pub.) Doc. 7. No such questionnaire was sent to MACHIMPEX Liaoning.

Plaintiff Overseas now claims that MACHIMPEX Liaoning cannot be subject to these rates since it was a separate company from MACHIMPEX, and was not identified as a respondent by petitioner. Overseas claims that since it had no idea that it was subject to the review that its duties should be assessed at the 11.66% deposit rate that it paid upon importation. *Overseas Brief* at 15.

To add insult to injury, Commerce applied the BIA rule to MACHIMPEX Liaoning as an unresponsive company to calculate a dumping margin. *Id.* at 19. Overseas claims that Commerce's application was unsupported by substantial evidence since no review was requested of Liaoning and no questionnaire was served directly on that company. *Id.*

According to 19 U.S.C. § 1677e(c) (1988 & Supp.1993), Commerce is authorized to use BIA when a party is unable or does not provide Commerce with the necessary information with which to make its determination. *Id.* In this case, Liaoning never refused and was never unable to supply the information. They did not respond since they were not given adequate notice that they were subject to review. *See Sigma Corp. v. United States* ("*Sigma I*"), 17 CIT ——, 841 F.Supp. 1255 (1993).

Furthermore, the Municipal Castings Fair Trade Council's request in both cases was not clear and understandable from the record. This Court has held that there is "a burden on the party making the request to submit a clear, understandable and comprehensive request within the deadline set by the regulation." *Floral Trade Council v. United States,* 13 CIT 142, 144, 707 F.Supp. 1343, 1344–45, *aff'd,* 888 F.2d 1366 (Fed.Cir. 1989). It is evident to the Court in this case that the request was not clear, understandable and comprehensive. In fact, the request did not list MACHIMPEX Liaoning.

■ Under the circumstances of this case, the Court cannot in all fairness deem MACHIMPEX Liaoning as within the scope of this review. Parties "have an obligation to be precise in their requests thereby affording companies adequate notice to defend their interests." *Sigma I,* 17 CIT at ——, 841 F.Supp. at 1263–64.

In two related cases, the Court held that adequate notice was not given to MACHIMPEX Liaoning that it was subject to a prior review and, therefore, the Court ordered the assessment of duties at the deposit rate that it paid upon importation. *See Sigma I,* 17 CIT at ——, 841 F.Supp. 1264; *Sigma II,* 17 CIT at ——, 841 F.Supp. at 1283–84. The Court adheres to its decisions in *Sigma I* and *Sigma II* and likewise orders that Overseas' motion for judgment on the agency record regarding this issue is granted and its duties are to be assessed at the 11.66% deposit rate that it paid upon importation.

*Conclusion*

In accordance with the foregoing opinion, plaintiffs' motion for judgment on the agency record is granted in part and this case is remanded to Commerce to (1) reevaluate whether the rate from the preceding review is still appropriate for use as BIA in this case once Commerce has recalculated the margins in the preceding case, and (2) assess duties against MACHIMPEX Liaoning at the 11.66% deposit rate that it paid upon importation.

 

Plaintiffs' motion is denied in all other respects. Remand results are due within thirty (30) days of the date remand results in *Sigma II* are completed. Comments to remand results are due fifteen (15) thereafter. Rebuttal comments are due within fifteen (15) days of the date comments are due.

### ORDER

This case, having been submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision,

**IT IS HEREBY ORDERED** that plaintiffs' motion for judgment on the agency record is granted in part; and it is further

**ORDERED** that this case is remanded to the Department of Commerce, International Trade Administration ("Commerce"), to re-evaluate whether the rate from the preceding review is still appropriate for use as BIA in this case once Commerce has recalculated the margins in the preceding case; and it is further

**ORDERED** that this case is remanded to Commerce to assess duties against MA-CHIMPEX Liaoning at the 11.66% deposit rate that it paid upon importation; and it is further

**ORDERED** that plaintiffs' motions are denied in all other respects. Remand results are due within thirty (30) days of the date remand results in *Sigma Corp. v. United States,* 17 CIT ——, Slip Op. 93–238, 1993 WL 534624 (Dec. 20, 1993) are completed. Comments to remand results are due fifteen (15) days thereafter. Rebuttal comments are due within fifteen (15) days of the date comments are due.