**INDUSTRIA DE FUNDICAO TUPY; American Iron & Alloys Corporation, Plaintiffs,**

v.

**Ronald BROWN, Secretary of Commerce; United States Department of Commerce; The United States, Defendants,**

**Grinnell Corporation, Ward Manufacturing, Inc. and Stockham Valves & Fittings Co., Inc., Defendant–Intervenors.**

**Slip Op. 95–170.**
**Court No. 94–09–00528.**

United States Court of International Trade.

Oct. 12, 1995.

Sonnenberg, Anderson & Rodriquez, Chicago, IL (Philip Yale Simons; of counsel: Jerry P. Wiskin, Steven P. Sonnenberg and Jacqueline M. Paez) for plaintiff.

Frank W. Hunger, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (A. David Lafer, Senior Trial Counsel and Hal S. Shapiro); of counsel: Michelle K. Behaylo, Attorney–Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Washington, DC, for defendants.

McKenna & Cuneo, Washington, DC (Peter Buck Feller and Lawrence J. Bogard) for defendant-intervenors.

## OPINION

TSOUCALAS, Judge:

Defendants move to dismiss this action. Plaintiffs, Industria de Fundicao Tupy and American Iron & Alloys Corporation (collectively "Tupy"), oppose defendants' motion and request, in turn, that the Court award summary judgment and issue orders (1) enjoining the United States Department of Commerce, International Trade Administration ("Commerce") from conducting an administrative review of the *Antidumping Duty Order: Malleable Cast Iron Pipe Fittings From Brazil* ("*Antidumping Duty Order*" or "*Order*"), 51 Fed.Reg. 18,640 (1986), for May 1, 1993, through April 30, 1994; (2) requiring Commerce to revoke the Order; and (3) requiring Commerce to end the suspension of liquidation of Brazil-origin imports subject to the Order. *Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss and Cross–Motion for Summary Judgment* ("*Tupy's Brief*") at 1–19.

### Background

On May 21, 1986, Commerce issued an antidumping duty order on certain malleable cast iron pipe fittings from Brazil. *See Antidumping Duty Order*, 51 Fed.Reg. at 18,640. May is the annual anniversary month of the Order for purposes of 19 C.F.R. § 353.25(d) (1991).[1]

Commerce did not conduct administrative reviews of the Order for the period of May 21, 1986, through April 30, 1987, or the period of May 1, 1987, through April 30, 1988. Complaint ¶ 10.

On May 3, 1989, during the Order's third annual anniversary month, Commerce published a notice in the *Federal Register* informing interested parties of the opportunity to request an administrative review of the Order for the period May 1, 1988, through April 30, 1989. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 54 Fed.Reg. 18,918 (1989). No party requested an administrative review.

On May 8, 1990, Commerce published a similar notice regarding May 1, 1989, through April 30, 1990. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 55 Fed.Reg. 19,093 (1990). Again, no party sought a review.

On May 2, 1991, during the Order's fifth annual anniversary month, Commerce published a notice of intent to revoke the Order because no annual reviews had been requested for the previous four years. *See Malleable Cast–Iron Pipe Fittings From Brazil, Intent to Revoke Antidumping Order*, 56 Fed.Reg. 20,193 (1991). *See also* 19 C.F.R. § 353.25(d)(4). On May 30, 1991, the Cast Iron Pipe Fittings Committee, the petitioner in the original investigation, objected to the proposed revocation. On June 26, 1991, Commerce published its determination not to revoke the Order. *See Malleable Cast Iron Pipe Fittings From Brazil; Determination Not to Revoke Antidumping Duty Order*, 56 Fed.Reg. 29,220 (1991).

---

1. 19 C.F.R. § 353.25 provides in pertinent part:
   **§ 353.25 Revocation of orders; termination of suspended investigation.**
   (d) *Revocation or termination based on changed circumstances* . . . .
   (4)(i) *If for four consecutive annual anniversary months* no interested party has requested an administrative review, under § 353.22(a), of an order or suspended investigation, not later than the first day of the fifth consecutive annual anniversary month, the Secretary will publish in the FEDERAL REGISTER notice of "Intent to Revoke Order" or, if appropriate, "Intent to Terminate Suspended Investigation."
   (ii) Not later than the date of publication of the notice described in paragraph (d)(4)(i) of this section, the Secretary will serve written

notice of the intent to revoke or terminate on each interested party listed on the Department's service list and on any other person which the Secretary has reason to believe is a producer or seller in the United States of the like product.
   (iii) *If by the last day of the fifth annual anniversary month* no interested party objects, or requests an administrative review under § 353.22(a), *the Secretary at that time will conclude that the requirements of paragraph (d)(1)(i) for revocation or termination are met, revoke the order* or terminate the suspended investigation, and publish in the FEDERAL REGISTER the notice described in paragraph (d)(3)(vii) of this section.
   19 C.F.R. § 353.25(d)(4) (emphasis added).

In 1992, Commerce did not publish a notice of intent to revoke the Order. Complaint ¶ 21. No request for a review or objection to a proposed revocation was made by an interested party in 1992, and no party objected or complained about Commerce's failure to publish a notice of intent to revoke in 1992. Complaint ¶¶ 22, 23.

On June 21, 1993, as no administrative review had been requested in the previous four anniversary months, Commerce published a notice of intent to revoke the Order. *See Malleable Cast Iron Pipe Fittings From Brazil; Intent to Revoke Antidumping Duty Order,* 58 Fed.Reg. 33,796 (1993). On July 21, 1993, several domestic interested parties objected to Commerce's proposed revocation. Consequently, on September 30, 1993, Commerce published a notice of intent not to revoke the Order. *See Malleable Cast Iron Pipe Fittings From Brazil; Determination Not to Revoke Antidumping Duty Order ("Determination Not to Revoke Order"),* 58 Fed.Reg. 51,057 (1993). Plaintiffs did not appeal Commerce's determination not to revoke.

On May 3, 1994, Commerce published a notice of intent to revoke the Order if no interested party requested an administrative review or objected to the proposed revocation by May 31, 1994. *See Intent to Revoke Antidumping Duty Orders and Findings,* 59 Fed.Reg. 22,821 (1994). On May 4, 1994, three domestic producers of malleable cast iron pipe fittings requested an administrative review for the period of May 1, 1993, through April 30, 1994. Commerce initiated the requested review. *See Initiation of Antidumping Duty Administrative Reviews and Requests for Revocation in Part,* 59 Fed. Reg. 36,160 (1994). On July 22, 1994, to facilitate this administrative review, Commerce issued Tupy a questionnaire. Complaint ¶ 43. The response date was September 20, 1994, day 60 of the annual review. *Id.*

On August 8, 1994, Tupy requested that Commerce terminate the continuing administrative review, revoke the Order, and instruct the United States Customs Service to end suspension of liquidation of the subject merchandise. Complaint ¶ 44. Tupy initiated

this action on September 9, 1994, and obtained a temporary restraining order ("TRO") from the court enjoining Commerce from pursuing the administrative review. On October 6, 1994, the Court dissolved the TRO and denied plaintiffs' motion for a preliminary injunction. *See Industria de Fundicao Tupy v. Ronald Brown (Tupy),* 18 CIT ——, 866 F.Supp. 565 (1994).

On October 31, 1994, counsel for Tupy wrote Commerce, stating:

> Our clients, Industria De Fundicao Tupy and American Iron and Alloys Corporation, respectfully decline to provide a response to the International Trade Administration's questionnaire in the captioned review. Our clients believe that the disruption of its ongoing business, the fact that its records are not computerized in the format required by the International Trade Administration, and the potential benefits derived from its insignificant exports to the United States do not justify the time and expense related to compiling the information and completing the questionnaire.

Public Record Doc. No. A–351–505, Letter to Bernard T. Carreau.

## *Discussion*

In its opposition to Commerce's motion to dismiss and cross-motion for summary judgment, Tupy challenges the Court's holding in *Tupy,* 18 CIT at ——, 866 F.Supp. at 565 that judicial review is unavailable because this action is time-barred pursuant to 19 U.S.C. § 1516a (1988) and 28 U.S.C. § 1581(c) (1988). Tupy attempts to convince the Court to permit judicial review pursuant to 28 U.S.C. § 1581(i) (1988).

Essentially, Tupy advances two arguments. First, Tupy contends that Commerce's decision not to revoke the antidumping duty order, published in the *Federal Register* on September 30, 1993, was not a "determination" within the meaning of 19 U.S.C. § 1516a. Thus, claims Tupy, the notice could not be challenged under 19 U.S.C. § 1516(a)(2)(ii) and 28 U.S.C. § 1581(c). In support, Tupy argues that only agency determinations which are specifically enumerated

in various clauses of subparagraph (B) of § 1516a are subject to the court's jurisdiction pursuant to that provision. According to Tupy, section 1516a contemplates administrative reviews or proceedings concerning the review of factual information supplied to Commerce, whereas, Commerce's notice was a simple ministerial act acknowledging the receipt of an interested party's request that the Order not be revoked. Tupy also argues that, as Commerce's determination not to revoke the Order was not required by the statute or Commerce's regulations, the notice was merely a gratuitous act. Tupy argues that it follows, *a priori,* that the decision was not encompassed by, and not reviewable under, 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). *Tupy's Brief* at 5–13. Tupy contends that this action arises from the U.S. antidumping laws concerning a matter other than those reviewable under 19 U.S.C. § 1516a. *Id.* at 13.

Second, Tupy submits that, as a matter of law, Commerce was required to revoke the Order pursuant to 19 C.F.R. § 353.25(d)(4)(iii) because Commerce received no objections to revocation and no requests for annual review during the Order's fifth anniversary month. Therefore, argues Tupy, all of Commerce's acts after May 31, 1993, relating to the Order are *ultra vires* and a nullity without force or legal effect. *Id.* at 14–19. In particular, Tupy argues that Commerce's notice of intent not to revoke the Order was invalid because it was based on an untimely notice of intent to revoke. *Id.* at 14–15. For support, Tupy relies on *Kemira Fibres Oy v. United States (Kemira I ),* 18 CIT ——, 858 F.Supp. 229 (1994) and *Kemira Fibres Oy v. United States (Kemira II ),* 18 CIT ——, 861 F.Supp. 144 (1994) (Commerce is required to revoke an antidumping duty order if no interested party objects to revocation or requests an annual review during the fifth annual anniversary month of the order. Interested party's objection to revocation, erroneously elicited after Commerce was obligated to revoke antidumping order, found invalid), *rev'd,* 61 F.3d 866 (Fed.Cir.1995). *Id.* at 14–18.

For the reasons set forth above, Tupy believes that jurisdiction in this case cannot lie under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) and that this action was properly brought under 28 U.S.C. § 1581(i).

Defendants respond that Tupy misconstrues the unambiguous language of the governing jurisdictional statutes and the uniform construction given to those provisions by the courts. Defendants also note that the Court recognized, in *Tupy,* 18 CIT at ——, 866 F.Supp. at 565, that Congress has established specific procedures governing judicial review of determinations by Commerce regarding whether to revoke antidumping and countervailing duty orders. *Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss; Defendants' Opposition to Plaintiffs' Motion for Summary Judgment; and Defendants' Cross–Motion for Summary Judgment ("Defendants' Brief")* at 13.

Defendants also argue that the dispositive issue is not whether Commerce's determination not to revoke the Order might have been flawed or unnecessary, but that the determination was issued pursuant to 19 U.S.C. § 1675 (1988), thereby, bringing the determination within the scope of 19 U.S.C. § 1581(c). Defendants claim that, as such, a proper basis for challenge was provided. *Defendants' Brief* at 16.

Alternatively, defendants argue that Tupy's action is barred by the doctrine of laches because Tupy failed to object to Commerce's actions during the 1991–94 time period addressed in its complaint. Furthermore, defendants submit that injunctive relief is inappropriate because Tupy has not established irreparable harm. *Id.* at 23–32. Accordingly, defendants request dismissal or, in the alternative, judgment in their favor. *Id.* at 32.

In denying Tupy's motion for a preliminary injunction in *Tupy,* 18 CIT at ——, 866 F.Supp. at 565, the Court ruled that if Tupy was dissatisfied with Commerce's determination not to revoke the Order on malleable cast iron pipe fittings from Brazil, Tupy had an adequate remedy under 19 U.S.C. § 1516a

and 28 U.S.C. § 1581(c).[2] *Tupy,* 18 CIT at ——, 866 F.Supp. at 571. The Court found that section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a, afforded Tupy 30 days from the determination's publication date, September 30, 1993, to initiate an action in this court contesting Commerce's determination not to revoke the Order. As Tupy had failed to initiate any action, the Court ruled that Tupy's cause of action accruing in 1993 is time-barred. The Court denied judicial review pursuant to 28 U.S.C. § 1581(i) which confers exclusive jurisdiction upon the court in matters relating to the antidumping duty law which are not specifically covered by other subparagraphs of § 1581, and which may be invoked as a jurisdictional basis when another subsection of § 1581 is unavailable or when the remedy provided by the other subsection would be "manifestly inadequate." *See id.* at ——, 866 F.Supp. at 572. *See also Asociacion Colombiana de Exportadores de Flores v. United States,* 13 CIT 584, 717 F.Supp. 847 (1989), *aff'd,* 903 F.2d 1555 (Fed. Cir.1990); *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir.1987), *cert denied,* 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988). Tupy has not persuaded the Court to now rule otherwise.

Further, *Kemira II,* 18 CIT at ——, 861 F.Supp. at 147, does not aid Tupy's jurisdictional challenge. On August 2, 1995, the United States Court of Appeals for the Federal Circuit ("CAFC") reversed *Kemira II,* finding that the statute leaves much to Commerce's discretion regarding the revocation of antidumping duty orders. *Oy,* 61 F.3d at 873. In *Oy,* as here, the plaintiff had not cited controlling authority for the proposition that an agency's failure to comply with a regulatory timing requirement voided a subsequent administrative action. The CAFC, however, found that when a statute does not specify a timing requirement and the consequence of non-compliance, courts should not assume that Congress intended that the agency lose its power to act if it misses regulatory deadlines. *Oy,* 61 F.3d at 871–73. In reviewing Commerce's interpretation of 19 C.F.R. § 353.25(d)(4)(iii), the CAFC stated:

[T]he regulation at issue here, indeed the antidumping law itself, is in place to protect the domestic industry. While we agree that section 353.25 addresses the interest of an importer in having Commerce revoke an outstanding order, it is only after Commerce concludes that the order is no longer of interest to a domestic party that the order is revocable. Thus, it is not consistent with the basic purpose of the antidumping law or the regulation at issue to place the burden of monitoring Commerce's actions solely on the domestic industry, as Kemira suggests. Finally, there may be cases when administrative review is not warranted because interested parties are satisfied with an existing order. *See* H.R.Rep. No. 725, 98th Cong., 2d Sess. 22–23 (1984), *reprinted in* 1984 U.S.C.C.A.N. 5127, 5149. In such a case, the domestic industry may have no incentive to request administrative review of the order. Thus, the absence of a request for administrative review, while it may indicate lack of interest, can also indicate satisfaction with the status quo. Consequently, Commerce may not reasonably conclude that there is a lack of interest in an outstanding order merely by the absence of a request for review; rather, only after publishing notice of proposed revocation may Commerce properly conclude that the order at issue is no longer of interest so as to be revocable. Notice of intent to revoke must precede revocation.... [W]e conclude that Commerce's interpretation was a reasonable one.

*Oy,* 61 F.3d at 875. Therefore, Tupy's reliance on *Kemira I* and *Kemira II* is misplaced.

Accordingly, the Court rejects Tupy's arguments that judicial review of this case is proper pursuant to 28 U.S.C. § 1581(i).

### Conclusion

As the arguments advanced by Tupy have already been decided in *Tupy,* 18 CIT at ——, 866 F.Supp. at 565, and in light of the CAFC's decision in *Oy,* 61 F.3d at 866, the Court grants defendants' motion to dismiss.

---

**2.** Title 28, United States Code, section 1581(c) confers jurisdiction upon the court over all actions commenced under section 516A of the Tariff Act of 1930.

The Court does not reach the merits of this case.

## JUDGMENT

This case having been duly submitted for a decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that defendants' motion for dismissal is granted; and it is further

**ORDERED** that plaintiffs' cross-motion for summary judgment is denied; and it is further

**ORDERED** that this case is hereby dismissed.